JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br>v.<br>ARROW SIGNS HC, INC., a California corporation also known as and doing business as ARROW SIGN,<br><br>Defendant. | Case No. 2:24−cv−00020-SPG-SHK<br><br>**JUDGMENT** |

For the reasons stated in the separate order granting Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company's ("Plaintiff") Motion for Default Judgment entered this day, the Court enters final judgment as follows:

    1.    On the first claim for relief, pursuant to 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2)(E), and the provisions of the applicable collective bargaining agreements and trust agreements, the Interlocutory Order for Accounting (ECF No. 26) is entered as final injunctive relief. It is ORDERED:

     a.    That Defendant Arrow Signs, LLC ("Defendant"), its officers, directors, employees, agents, and all persons acting by, through, or in concert with Defendant, be compelled to forthwith submit to an audit of Defendant's payroll and business records and that Defendant produce the following payroll and business records for the time period since November 1, 2019 (the "Audit Period"), to Plaintiff or its designated agent for inspection, examination, and copying:

          i.    All payroll and employee documents during the Audit Period including, but not limited to, all payroll records (including certified payroll records, electronic payroll records, and all records reflecting payments to trust funds other than the Laborer Trust Funds of Southern California, W-2 Forms, Forms 1099 and 1096, Quarterly State Tax returns, and time cards), all cash disbursement ledgers, all canceled checks, check registers, invoices, and bank checking account statements, the scope of work portion of all contracts and subcontracts between general contractors and subcontractors. If requested by the Trusts, the Contractor shall provide payroll breakdown by job, and shall provide the job location, legal description of the jobsite property if known, the owner of job location, the name and address of the entity for which the Contractor is working, the contact telephone number for the job, the names and social security numbers of the employees working on the job, the number of hours worked by each employee on the job, all preliminary notices, mechanic liens and stop notices on the job, other relevant job location

information requested by the Trusts and certification of workers compensation coverage.

  ii. All Defendant's documents during the Audit Period related to cash receipts, including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices.

  iii. All Defendant's bank statements during the Audit Period for all checking and savings accounts.

  iv. All Defendant's documents during the Audit Period related to cash disbursements, including but not limited to, vendors' invoices, cash disbursement journal, accounts payable journals, check registers, and all other documents which indicate cash disbursements.

  v. All collective bargaining agreements between Employer and any trade union in effect at any time during the Audit Period.

  vi. All reports or statements submitted to any employee benefit plan, and a copy of the check(s) to such plan(s), for which Defendant has claimed a credit on any certified payroll reports for work performed during the Audit Period.

**JUDGMENT**

      b.    Plaintiff shall be provided with direct access to all documents specified in points (i) through (vi) above, in the manner in which such records are kept, including access to electronic data kept on payroll or accounting software. Defendant shall allow the designated agent of Plaintiff to enter its premises, or other premises where such records are kept, in order to inspect and copy the documents as they are kept. Defendant shall provide direct access to any computer programs and/or files on which such records are kept to the designated agent of Plaintiff for purposes of inspection and copying.

      c.    Failure to comply with this injunction may subject Defendant and its responsible officers to contempt of court. Any proceedings to enforce this injunction may be brought in this action, in accordance with Federal Rule of Civil Procedure 70(e) and the Local Rules.

      d.    This injunction is entered as final judgment and shall remain in effect until an Acknowledgement of Satisfaction is filed, specifically as to this first claim.

2. On the second claim, pursuant to 29 U.S.C. § 1132(g)(2), and the provisions of the applicable collective bargaining agreements and trust agreements, monetary judgment in favor of Plaintiff, and against Defendant, is entered, in the following amounts:

      a.    Delinquent contributions found in the Partial Audit, for the period of November 2019 through December 2021, in the amount of $35,121.28;

      b.    Interest on the above delinquent contributions, through July 16, 2025, in the amount of $12,789.23;

      c.    Liquidated damages on the above delinquent contributions, in the amount of $7,023.96;

    d. Audit costs of $3,200.00.

    e. For a **total monetary judgment of $58,134.47, other than fees and costs.** Satisfaction of this monetary judgment on the second claim shall not satisfy the judgment for injunctive relief on the first claim, unless specifically stated so in the Acknowledgement of Satisfaction.

  3. Pursuant to 29 U.S.C. § 1132(g)(2)(D), Plaintiff is entitled to a mandatory award of attorney's fees and costs. Pursuant to the applicable collective bargaining agreement, if litigation is necessary to enforce the obligation to compel an audit, Plaintiff shall be entitled to attorney's fees "whether or not the audit reveals a delinquency." Litigation was necessary here to compel an audit, so Plaintiff is entitled to its attorney's fees and costs, regardless of the amount of contributions found due. Plaintiff shall file a motion for attorney's fees and costs within twenty-one (21) days after entry of this Judgment.

  4. Given that Defendant has not complied with this Court's Interlocutory Order for an Accounting and has not produced all the records required for a complete audit, this Judgment shall not operate as res judicata as to the amount of contributions due. If additional contributions are found to be due through the audit ordered here, or otherwise, the Court reserves jurisdiction to either re-open this case, or to bring a subsequent action in this Court, in which counsel shall file a Notice of Related Case, referring to this case, pursuant to L.R. 83-1.3.

**IT IS SO ORDERED.**

Dated: September 25, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE